# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:12cv45

| | |
|---|---|
| DEANNA KAY COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KAREN C. VOLZ, ) | |
| TRAVIS VOLZ and ) | |
| CHRISTOPHER R. STEWART, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following:

1. The Plaintiff's Motion in Opposition of Court Order of May 4, 2012- "Extension of Time to Answer" [Doc. 10];

2. The Plaintiff's Motion to Sanction/Reprimand Defendants for Delaying or Obstructing Legal Proceedings [Doc. 12];

3. The Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 13];

4. The Plaintiff's Motion for Disclosure of Defendant's Current Mailing Address [Doc. 14];

5. The Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 15];

6. The Plaintiff's Motion of Recusal [Doc. 16];

7. The Plaintiff's Notice of Refusal to Proceed before a Magistrate Judge [Doc. 23];

8. The Plaintiff's Motion for Withdrawal of Doc. 12 [Doc. 29];

9. The Plaintiff's Motion for Withdrawal of Doc. 13 [Doc. 30];

10. The Plaintiff's *Ex Parte* Motion [Doc. 31];

11. The Plaintiff's second *Ex Parte* Motion [Doc. 32];

12. The Plaintiff's Motion: Refusal to Consent to Proceed before a Magistrate Judge [Doc. 33]; and

13. The Defendants' Motion to Dismiss [Doc. 35].

## PROCEDURAL HISTORY

The Plaintiff Deanna Kay Collins (Collins), who is proceeding *pro se*, initiated this action on March 7, 2012 alleging that the Defendants are infringing a copyright as to which she is a claimant. [Doc. 1]. Collins alleges that a sound recording made by her father and embodied in a Promotional CD has been copyrighted and that she owns the copyright. [Id.]. She alleges that the recording as well as other "copyrightable materials," consisting of

photographs contained within an album, have been "adversely possessed" by the Defendants and that the recording was sold at an estate auction. [Id.]. The causes of action alleged in the Complaint are for replevin, conversion, and copyright infringement. [Id.].

The Defendants have moved to dismiss the Complaint for failure to state claims upon which relief may be granted. [Doc. 35]. In that motion, it is disclosed that the personal property at issue was in the possession of Collins' brother, Carey Kent Stewart, at the time of his death.[1] [Doc. 36]. Defendant Karen Volz is Collins' niece, Defendant Travis Volz is the husband of Karen Volz, and Defendant Chris Stewart is Collins' nephew. [Id.].

The time within which Collins must respond to the Motion to Dismiss has not yet expired. The Court therefore will rule on the pending motions and provide notice to Collins of the burden she must carry in responding to that motion.

## DISCUSSION

**The Plaintiff's Motion in Opposition of Court Order of May 4, 2012- "Extension of Time to Answer" [Doc. 10].**

On May 4, 2012, counsel for the Defendants moved for an extension of time within which to answer or otherwise respond to the Complaint. [Doc. 5].

---

[1] Collins has made the same allegation in her Complaint. [Doc. 1].

On that same date, Magistrate Judge Dennis L. Howell granted the motion and provided the Defendants with an extension through June 6, 2012 to answer or otherwise respond. [Doc. 6]. Collins promptly filed a motion which she characterized as being in opposition to the Magistrate Judge's Order granting an extension of time. [Doc. 11]. In that motion, Collins stated that the Defendants' attorney had failed to serve her with a copy of the motion requesting additional time. [Id.]. Collins did acknowledge, however, that defense counsel had telephoned to ask for her consent to the motion. [Id.]. She also contended that the Defendants have had ample notice that Collins would initiate this lawsuit and argued that any further delay would be an injustice to her. [Id.].

The Court construes this *pro se* motion as one for reconsideration of the Magistrate Judge's Order granting the extension of time. Fed.R.Civ.P. 72(a). In response to Collins' motion, defense counsel acknowledged that Collins may not have received the motion due to a clerical error. [Doc. 19]. Counsel also explained that the omission was remedied. [Doc. 19]. Moreover, Collins was aware of the motion because defense counsel telephoned Collins in an attempt to obtain her consent to the extension, an action which is not required under the Rules of Practice and Procedure of the United States District Court

4

for the Western District of North Carolina. L.Cv.R. 7.1(B) (consultation not required where moving represented and non-moving party unrepresented or when motion is for extension of time within which to respond to complaint).

It is a common practice for this Court to allow parties additional time within which to file responsive pleadings, especially at an early stage of the litigation. Even though the Plaintiff may be unfamiliar with the ordinary practices of this Court, her objection to such a minor extension is unnecessarily litigious. The Court would strongly encourage Plaintiff not to pursue this action from such a posture. In light of the ordinary practice of this Court regarding such motions and Plaintiff's posture regarding this matter, the Court will in its discretion deny the motion to reconsider.

**The Plaintiff's Motion to Sanction/Reprimand Defendants for Delaying or Obstructing Legal Proceedings [Doc. 12] and the Plaintiff's Motion for Withdrawal of Doc. 12 [Doc. 29].**

**The Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 13]; Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 15] and the Plaintiff's Motion for Withdrawal of Doc. 13 & Doc. 15 [Doc. 30].**

On the same date that Collins filed her motion to reconsider the Magistrate Judge's Order, she also filed two other motions: one seeking sanctions against the Defendants for delaying and/or obstructing justice and

another seeking sanctions against defense counsel for failing to serve her. [Doc. 12; Doc. 13]. On May 17, 2012, Collins renewed her motion for sanctions against defense counsel for failing to properly serve a copy of the motion for an extension of time. [Doc. 15].

On June 6, 2012, Collins requested that she be allowed to withdraw these motions. [Doc. 29; Doc. 30]. One of the motions, she acknowledged, was filed too early. [Doc. 29]. The second motion, she admitted, was rendered unnecessary when defense counsel discovered that the wrong zip code had been used to serve the motion for an extension of time. [Doc. 30]. The motion was received but after Collins had already moved for sanctions. [Id.]. The Court will allow the withdrawal of these motions.

**The Plaintiff's Motion for Disclosure of Defendant's Current Mailing Address [Doc. 14]**.

In this motion, Collins claims that her process servers had difficulty locating the current address for Defendant Travis Volz. [Doc. 14]. She claims that she needs his current address so that in the future she will be able to serve him with a judgment. [Id.]. Collins nonetheless acknowledges that Volz's attorney can provide his address "for any/all future legal proceedings." [Id.].

Defendant Travis Volz has appeared in the action through counsel.

Since Travis Volz is represented by counsel, Collins, who proceeds *pro se*, is prohibited from making direct contact with him just as an attorney would be so prohibited. Collins may only confer with Travis Volz, or any other Defendant, through counsel. The motion is denied.

**The Plaintiff's Motion of Recusal [Doc. 16]**.

On May 18, 2012, Collins moved for the recusal of Magistrate Judge Howell from this case. In support of that motion, Collins cites the fact that the Magistrate Judge granted the Defendants an extension of time within which to answer or otherwise plead before she had the opportunity to oppose the same. She also cites his failure to rule on her four pending motions, addressed above, as evidence of his bias against her.

It is first noted that at the time Collins filed this motion for recusal, the time within which the Defendants could respond to her four motions had not yet expired. It is thus quite expected that the Magistrate Judge had not addressed the motions. Moreover, Collins requested permission to withdraw two of those pending motions, the motions for sanctions against the Defendants and their attorney.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "The inquiry

7

is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality[.]" In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). When a motion seeking disqualification is filed, a judge is not required to accept the allegations contained therein as true. Id. A presiding judge is also not required to recuse himself because of "unsupported, irrational or highly tenuous speculation." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation and citation omitted). The issue is whether another with knowledge of all the circumstances would reasonably question the judge's impartiality. Id. (citing Beard, 811 F.2d at 827).

Plaintiff has articulated no basis for Judge Howell to recuse. The fact that he had not yet ruled upon motions that were not yet ripe for determination would be expected - and required - of all judges with regard to all motions. As such, the allegations made by Collins constitute "unsupported, irrational [and] highly tenuous speculation." Cherry, 330 F.3d at 665. Collins' motion to recuse Magistrate Judge Howell is denied.

**The Plaintiff's Notice of Refusal to Proceed before a Magistrate Judge [Doc. 23] and Motion: Refusal to Consent to Proceed before a Magistrate Judge [Doc. 33].**

In these two filings, Collins complains that she has not been presented with two forms: the Notice of Availability of a Magistrate Judge to Exercise

Jurisdiction and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge. L.Cv.R. 73.1. In order to remedy that purported defect, Collins has filed these two pleadings in which she states her refusal to the exercise of jurisdiction by Magistrate Judge Howell. Collins also reiterates her displeasure with the Magistrate Judge's failure to rule on her motions and states that he should be recused.

No party is required to consent to the jurisdiction of a United States Magistrate Judge to handle the entire case instead of having the case presided over by an Article III District Court Judge. A party may not, however, refuse the statutory provisions of 28 U.S.C. § 636(b) or the Standing Orders of Designation of this Court pursuant to which pre-trial and non-dispositive matters are assigned to Magistrate Judge Howell. Nor may a party refuse the designation of the Magistrate Judge to consider dispositive motions and to submit recommendations for their dispositions. To the extent these pleadings may be considered motions, they are denied.

**The Plaintiff's two *ex parte* motions [Doc. 31; Doc. 32].**

Collins has made two filings which she characterized as *ex parte* and she did not attach a certificate showing that these filings have been served on the Defendants' counsel. [Doc. 31; Doc. 32]. "[I]n the absence of a justifiable

9

reason for an *ex parte* exchange, a party cannot communicate with the Court confidentially." Fifth Third Bank v. Apostolic Life Cathedral, 2010 WL 1664905 **2 (S.D.W.Va. 2010). No such reason is apparent from the face of these pleadings and the Court will not allow their consideration in an *ex parte* manner.

Although Collins proceeds in a *pro se* capacity, she is "responsible for and required to comply with the Local Rules of Procedure for the United States District Court for the [Western District of North Carolina] and the Federal Rules of Civil Procedure, when filing papers with and/or appearing before this Court." Id. To that end, absent prior permission to seal a pleading, Collins may not communicate with the Court without serving a copy of any such communication on the Defendants' attorney. The two filings, Doc. 31 and Doc. 32, to the extent they may be considered motions, are denied.

**Notice to the Plaintiff regarding Rule 11.**

In this case, which has been pending for only three months, Collins has filed twelve pleadings all of which are at great variance from the ordinary practice before this Court. Although Collins proceeds *pro se*, she remains subject to the protocol of Rule 11 of the Federal Rules of Civil Procedure which provides in pertinent part:

10

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it -- an ... unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support ... ; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

Collins is therefore cautioned that all future filings need to be in conformity with the law and with reasonable adherence to the practice expected before this Court. Frivolous filings cannot be allowed.

**Notice to the Plaintiff regarding the Defendants' Motion to Dismiss.**

The Defendants have moved to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted. [Doc. 35]. Because the Plaintiff is proceeding *pro se*,

the Court will provide instruction as to her obligation to respond to the motion and the time within which to do so. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiff is cautioned that failure to respond to the pending motion will result in its being granted in which case all claims will be dismissed with prejudice.

The Plaintiff is notified that she must show that she has made sufficient allegations in the Complaint to support causes of action against the Defendants which are recognized by law.

> To survive a Rule 12(b) motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (other citations omitted).

The Plaintiff is therefore advised that the Complaint must contain factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly, supra.). A claim is facially plausible

when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Plaintiff is also advised that, in ruling on this motion, the Court may take judicial notice of matters of public record. Philips, 572 F.3d at 179-80. It may consider documents attached to the Complaint as well as those attached to the Motion to Dismiss. Id.

Finally, the Plaintiff is advised that her Response must be filed on or before twenty-one (21) days from entry of this Order and that it must also be served on the Defendant. The Plaintiff must include a Certificate of Service indicating the manner and date on which she served the Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Plaintiff's Motion in Opposition of Court Order of May 4, 2012- "Extension of Time to Answer" [Doc. 10], which is construed as a Motion to Reconsider, is hereby **DENIED**;

2. The Plaintiff's Motion to Sanction/Reprimand Defendants for Delaying or Obstructing Legal Proceedings [Doc. 12] is hereby deemed **WITHDRAWN**;

3. The Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 13] is hereby deemed **WITHDRAWN**;

4. The Plaintiff's Motion for Disclosure of Defendant's Current Mailing Address [Doc. 14] is hereby **DENIED**;

5. The Plaintiff's Motion to Sanction/Reprimand Defendants' Legal Counsel for Failure to Serve Motion upon Plaintiff [Doc. 15] is hereby deemed **WITHDRAWN**;

6. The Plaintiff's Motion of Recusal [Doc. 16] is hereby **DENIED**;

7. The Plaintiff's Motion for Withdrawal of Doc. 12 [Doc. 29] is hereby **GRANTED**;

8. The Plaintiff's Motion for Withdrawal of Doc. 13 [Doc. 30] is hereby **GRANTED**;

9. The Plaintiff's *Ex Parte* Motion [Doc. 31] is hereby **DENIED**;

10. The Plaintiff's second *Ex Parte* Motion [Doc. 32] is hereby **DENIED**;

11. The Plaintiff's Notice of Refusal to Consent to Proceed before a Magistrate Judge [Doc. 23] and Motion: Refusal to Consent to Proceed before a Magistrate Judge [Doc. 33] are hereby **ALLOWED** in part, but only to the extent that these documents are taken as a statement by the

Plaintiff that she does not agree to the jurisdiction of the Magistrate Judge over this full case. These motions are otherwise **DENIED** in that certain portions of these case are and will be referred to the Magistrate Judge pursuant to §636 and the standing orders of this Court.

**IT IS FURTHER ORDERED** that on or before twenty-one (21) days from entry of this Order, the Plaintiff may file Response to the Defendants' Motion to Dismiss which may not exceed twenty-five (25) double-spaced pages in size fourteen (14) font. The Plaintiff must include a Certificate of Service indicating the manner and date on which she served the Defendants with any such response. The Plaintiff is hereby placed on notice that failure to file response in accordance with this Order may result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that on or before fourteen (14) days from the filing of Response by the Plaintiff, the Defendants may file a Reply Brief not to exceed ten (10) pages.

**IT IS FURTHER ORDERED** that no filings other than those prescribed by this Order may be made by either party pending the resolution of the Motion to Dismiss absent prior permission granted by the Court. Such permission should not be lightly sought.

Signed: June 28, 2012

Martin Reidinger
United States District Judge