IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv45

| | |
|---|---|
| DEANNA KAY COLLINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| KAREN C. VOLZ, TRAVIS VOLZ, and ) | |
| CHRISTOPHER R. STEWART, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 35]. Plaintiff brought this action *pro se* in this Court against Defendants alleging copyright infringement under The Copyright Act and state law claims for conversion and replevin under North Carolina law. These claims all stem from the alleged possession of a photo album and the selling of a single CD by Defendants. Defendants move to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT in part** Defendants' Motion to Dismiss [# 35].

**I.    Background**[1]

---

[1] The Court has only considered those facts set forth in the Complaint, as required when ruling on a defendant's motion to dismiss. Accordingly, the Court has disregarded any additional facts raised in Plaintiff's response to the Motion to Dismiss that are not contained in

-1-

### A. The Parties to this Dispute

Plaintiff is a resident of North Carolina and the sister of Carey K. Stewart. (Pl.'s Compl. ¶ 5; Ex. B. to Pl.'s Compl.) George Stewart is the deceased father of Plaintiff and her brother. (Pl.'s Compl. ¶ 6.)

Defendant Karen Volz is married to Defendant Travis Volz; both are residents of Pennsylvania. (Id. ¶¶ 4, 11.) Defendant Christopher Stewart is a resident of Maryland and the brother of Defendant Karen Volz. (Id. ¶¶ 5, 62.) Although not entirely clear from the Complaint, it appears that Defendants Karen Volz and Chris Stewart are the children of Carey Stewart, the grandchildren of George Stewart, and Plaintiff's niece and nephew. (Id. ¶¶ 8, 61.)

### B. The Promotional CD and Photo Album at Issue in this Dispute

At the heart of this dispute are two items, a family photo album and a promotional CD of a recording created by Plaintiff's father. In 1995, Plaintiff's father created a sound recording entitled: " The History of Lincoln Caverns/A Stewart Legacy." (Pl.'s Compl. ¶ 6; Ex. A to Pl.'s Compl.) Plaintiff registered the copyright for this recording, which became effective January 22, 2010. (Ex. A to

---

the Complaint. In addition, the Court **STRIKES** from the record Exhibits B, D, G, H, J, and K to Plaintiff's Response to the Motion to Dismiss [# 43] as these materials were not attached to the Complaint and are not properly before the Court. The remaining exhibits were either attached to the Complaint or constitute legal authority in support of Plaintiff's argument in response to the Motion to Dismiss.

Pl.'s Compl.)   Plaintiff is the current copyright claimant and owner of the copyright for "The History of Lincoln Caverns/A Stewart Legacy." (Pl.'s Compl. ¶¶ 6, 9.)

The red photo album at issue contains approximately 30 photos of the Stewart family. (Id. ¶¶ 6, 13.)  These photos date back to the 1930s. (Id.)  Plaintiff and her brother each inherited a fifty percent interest in this album. (Id. ¶¶ 6-7, 11, 59.)  Plaintiff contends that she acquired her brother's fifty percent interest in the photo album pursuant to an agreement between the two of them entered on March 11, 2011. (Id. ¶¶ 9, 59-60, Ex. B to Pl.'s Compl.)   Plaintiff, however, acknowledges that she has not registered a copyright for these photos. (Id. ¶ 78.)

After the death of Plaintiff's brother in late 2011, Defendants removed all the items from his Pennsylvania apartment. (Pl.'s Compl. ¶ 21.) Included in these items were the red photo album and a promotional CD containing a copy of "The History of Lincoln Caverns/A Stewart Legacy." (Id. ¶¶ 22, 45, 47.)  Plaintiff had previously giving the CD, which was labeled with a black permanent marker on the body of the CD, to her brother. (Id. ¶¶ 23-24, 46.)  Subsequently, Defendants arranged for the sale of all of Carey Stewart's personal property that was removed from his former apartment, including the promotional CD. (Id. ¶¶ 28, 48.) Plaintiff did not consent to this auction. (Id. ¶¶ 28, 32-34, 54.)  It appears that

Defendants eventually sold the CD to a third party at a public sale. (Id. ¶¶ 33, 50, 53.)

The red photo album is currently in the possession of Defendants Karen and Travis Volz. (Id. ¶ 37.) Despite being asked by Plaintiff to turn over the photo album, Defendants have retained possession of the album, which Plaintiff contends belongs to her. (Id. ¶ 40, 62, 64, 66, 72.) This action ensued.

### C. The Claims Asserted in the Complaint

Plaintiff brought this action in the United States District Court for the Western District of North Carolina asserting claims of copyright infringement based on the alleged infringement of the copyrights for the photo album and promotional CD. (Id. ¶¶ 73-78.) Plaintiff seeks actual damages in the amount of $250,000 for the alleged infringement of the copyright of "The History of Lincoln Caverns/A Stewart Legacy" and $30,000 in statutory damages for the alleged copyright infringement of Plaintiff's unregistered copyright of the photos in the red photo album. (Id. ¶ 78.) In addition, Plaintiff seeks $150,000 in damages for the alleged willful infringement by Defendants. (Id.)

Plaintiff also asserts two state law claims for Replevin (Id. ¶¶ 10-19) and Conversion (Id. ¶¶ 20-43) pursuant to North Carolina law. Plaintiff only seeks damages of $880 for these two claims, plus $2000 in legal fees and court costs for

each claim. (Id. ¶¶ 19, 43.) Defendants moved to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of civil Procedure for failure to state a claim. Defendants' motion is now before the Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. Plaintiff's Federal Copyright Claims**

The Copyright Act of 1976 protects the original work of authors and

inventors from exploitation by others. See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 842 (11th Cir. 1990). Works of authorship include musical works and sound recordings, as well as pictorial works. 17 U.S.C. § 102(a). The Copyright Act grants the copyright holder certain exclusive rights to the work, including the exclusive rights to reproduce the copyrighted work and to distribute copies to the public by sale or transfer or ownership. 17 U.S.C. § 106; see also Costar Grp., Inc. v. Loopnet, Inc., 373 F.3d 544, 549 (4th Cir. 2004). Anyone who violates one of the exclusive rights of the copyright holder "is an infringer of the copyright." 17 U.S.C. § 501(a). In order to establish copyright infringement, Plaintiff must demonstrate: (1) ownership of a valid copyright; and (2) that the Defendants copied the "constituent elements of the works that are original." Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991); see also Costar Grp., 373 F.3d at 549.

Subject to limited exceptions not relevant to this dispute, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Although the United States Supreme Court has recently held that the requirements of Section 411 are not jurisdictional, registration is still a precondition to bringing a claim for infringement. Reed

Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241-42 (2010); see also Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 105 (3rd Cir. 2011); Kernel Records Oy v. Mosely, 694 F.3d 1294, 1301 (11th Cir. 2012). Accordingly, where it is clear from the Complaint that a copyright is not registered, a claim for infringement is subject to dismissal upon the filing of a motion to dismiss pursuant to Rule 12(b)(6) by a defendant. See Curington v. UMG Recordings, Inc., No. 1:10cv890, 2011 WL 3568278, at *2 (M.D.N.C. Aug. 12, 2011) (collecting cases); DRK Photo v. Houghton Mifflin Harcourt Publ'n Co., No. CV-09-8225-PCT-NVW, 2010 WL 1688767, at *1 (D. Ariz. Apr. 26, 2010) (dismissing claims based on unregistered copyrights of photographic images).

Plaintiff has only alleged that she is the owner of one registered copyright, a copyright that was issued for "The History of Lincoln Caverns/A Stewart Legacy." In fact, Plaintiff alleges that the photographs are unregistered copyrights. (Id. ¶ 78.) Because the Complaint contains allegations that the copyrights for the photographs or compilation of photographs have not yet been registered, Plaintiff's claim for copyright infringement based on the photo album is subject to dismissal as Plaintiff has not satisfied the preconditions for bringing a claim for infringement. See 17 U.S.C. § 411(a).

The copyright claim based on the alleged infringement of Plaintiff's

copyright of "The History of Lincoln Caverns/A Stewart Legacy" is also subject to dismissal. As a threshold matter, there are no allegations in the Complaint that Defendants reproduced or performed the copyrighted work at issue. Instead, Plaintiff contends that Defendants infringed her copyright by selling a single copy of the work that Plaintiff had previously given to her brother.

Pursuant to Section 109, "the owner of a particular copy . . . lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy . . . ." 17 U.S.C. § 109(a). Thus, the "first sale" doctrine allows the sale of a lawful copy of the material object embodying the copyright by the owner of a copy of the work. Id.; Hotaling v. Church of Jesus Christ of Latter-Day Saints, 118 F.3d 119, 203 (4th Cir. 1997). Moreover, the doctrine does not apply only to a sale; it also applies to the passing of title through a transfer by gift. See UMG Recordings, Inc. v. Augusto, 558 F. Supp. 2d 1055, 1059 (C.D. Cal. 2008). Such a transaction, however, does not transfer ownership of the actual copyright. See Design Options, Inc. v. Bellepointe, Inc., 940 F. Supp. 86, 91 (S.D.N.Y. 1996).

Here, Plaintiff alleges that she gave a lawful copy of the CD to her brother. Upon the death of her brother, his children cleaned out his belongings and held

an estate sale or some form of public auction of his prior possessions. At this sale, a third party allegedly purchased the CD that Plaintiff previously gave to her brother. No copies or reproductions of the CD were made. The Court finds that the alleged sale of this single CD did not infringe Plaintiff's copyright of the work because, as the lawful owner of the CD, the heirs of Plaintiff's brother's estate, were entitled to sale or dispose of the CD without authorization from Plaintiff. See 17 U.S.C. § 109(a). Plaintiff appears to confuse the copyright she possess in the recording with the actual CD she gave her brother. The rights provided to Plaintiff by virtue of registering the copyright of "The History of Lincoln Caverns/A Stewart Legacy" is in the work itself, not the lawfully produced CD containing a copy of the recording. Although the transfer of title to her brother of the CD did not transfer her ownership of the actual copyright itself, it did pass title of the CD to her brother. And the first sale doctrine allowed Plaintiff's brother or his heirs to dispose of the copy as they saw fit, provided, of course, that they did not unlawfully reproduce copies of the work for sale. Accordingly, the Court finds that Plaintiff's copyright claim against Defendants based on the alleged infringement of Plaintiff's copyright of "The History of Lincoln Caverns/A Stewart Legacy" is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to

Count III and dismiss the copyright infringement claims.

### B. The State Law Claims

Having recommended that the District Court dismiss the federal claims that form the basis of Federal Question jurisdiction in this case, and because the remaining state law claims do not satisfy the amount in controversy requirement for diversity jurisdiction, the Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss without prejudice such claims.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** Defendants' Motion to Dismiss [# 35] and **DISMISS** Count Three. The Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss Counts One and Two without prejudice.

Signed: November 26, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).