IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv45

| | |
|---|---|
| DEANNA KAY COLLINS,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| vs.            ) | **O R D E R** |
| ) | |
| KAREN C. VOLZ, TRAVIS VOLZ,            ) | |
| and  CHRISTOHER  R. STEWART,            ) | |
| ) | |
| Defendants.            ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 35].

Pursuant to 28 U.S.C. §636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On November 26, 2012, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion in part and denying it in part. [Doc. 46]. The Plaintiff did not file any objections to that recommendation. The Defendants timely filed partial

objections. [Doc. 47].

## PROCEDURAL HISTORY

The Plaintiff Deanna Kay Collins (Collins), who is proceeding *pro se*, initiated this action on March 7, 2012 alleging that the Defendants are infringing a copyright as to which she is a claimant. [Doc. 1]. Collins alleges that a sound recording made by her father and embodied in a Promotional CD has been copyrighted and that she owns the copyright. [Id.]. She alleges that the recording as well as other "copyrightable materials," consisting of photographs contained within a red photo album, have been "adversely possessed" by the Defendants and that the recording was sold at an estate auction. [Id.]. The causes of action alleged in the Complaint are for replevin, conversion, and copyright infringement. [Id.].

In June 2012, the Defendants moved to dismiss the Complaint for failure to state claims upon which relief may be granted. [Doc. 35]. In that motion, it was disclosed that the personal property at issue was in the possession of Collins' brother, Carey Kent Stewart, at the time of his death.[1] [Doc. 36]. Defendant Karen Volz is Collins' niece, Defendant Travis Volz is her niece's husband, and Defendant Chris Stewart is Collins'

---

[1] Collins made the same allegation in her Complaint. [Doc. 1].

nephew.[2] [Id.].

By Order entered on June 29, 2012, the Court provided instruction to the *pro* se Plaintiff of her obligation to respond to the motion and the time within which to do so, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 42]. In that Order, the Court also ruled on voluminous filings made by the Plaintiff, thus leaving only the pending motion for disposition. [Id.].

In response to the Defendants' Motion to Dismiss, the Plaintiff filed a brief and documents consisting of fifty-six pages. [Doc. 43]. The Magistrate Judge recommended dismissal of the cause of action for copyright infringement with prejudice. [Doc. 46]. As to the state law claims for replevin and conversion, he recommended that this Court decline to exercise supplemental jurisdiction. [Id.]. The Defendants objected to an alleged finding of fact, the purported failure to make certain conclusions of law, and the recommendation to decline supplemental jurisdiction. [Doc. 47].

Of note, the Defendants did not object to the Magistrate Judge's statement of the procedural history of the case. Nor did they object to his

---

[2]Collins also disclosed that the Volz Defendants are husband and wife. [Doc. 1].

3

Case 1:12-cv-00045-MR-DLH   Document 48   Filed 01/29/13   Page 3 of 11

recitation of the appropriate standard of review of a motion to dismiss for failure to state a claim. This Court, having conducted a careful review, thus adopts the same.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157,

127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

And, where a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation).

## DISCUSSION

**Objection to a factual recitation.**

The Defendants did not object to the Magistrate Judge's statement of the standard to be applied to the factual allegations of a complaint on

5

consideration of a motion to dismiss for failure to state a claim. The Magistrate Judge correctly noted that in considering such a motion, the Court is obligated by law to "accept[] the allegations in the complaint as true and [to] construe[] them in the light most favorable to plaintiff." [Doc. 46 at 5].

Despite acknowledging this standard as the proper one, the Defendants object to one portion of the Magistrate Judge's restatement of the facts as alleged in the Plaintiff's Complaint. In reciting the allegations of the Complaint, and accepting them as true and in the light most favorable to the Plaintiff, the Magistrate Judge made the following statement:

> The red photo album at issue contains approximately 30 photos of the Stewart family. These photos date back to the 1930s. Plaintiff and her brother each inherited a fifty percent interest in this album. Plaintiff contends that she acquired her brother's fifty percent interest in the photo album pursuant to an agreement between the two of them entered on March 11, 2011.

[Doc. 46 at 3].

Inexplicably, the Defendants object to the Magistrate Judge's recitation of the Plaintiff's contentions concerning ownership of the album. According to the Defendants, the Plaintiff actually alleged that the album at issue and in the possession of her brother contained only half of the

6

inherited photographs.  This is a contorted reading of the Plaintiff's Complaint.  It is not explained in what manner the Magistrate Judge's statement that each of them had a half interest in the photographs inherited from the parents and originally contained within an album is different from what Plaintiff has actually alleged.  Nor does the distinction that the Defendants attempt to make modify the Plaintiff's claim that she acquired her brother's interest in the album.  Equally frustrating is the Defendants' failure to provide any reason why this purported factual error is of any legal or other significance.

The Court rejects this Objection.

**Objections to the Magistrate Judge's treatment of infringement.**

The Defendants do not object to the Magistrate Judge's conclusion that both claims for copyright infringement must be dismissed.  Instead, they object to his purported failure to make the following additional conclusions of law:

1. The Plaintiff's brother did not make a gift of the album to her;
2. The album belonged to the brother at the time of his death;
3. The document which the Plaintiff claims transferred the album to her was unenforceable;

7

4. The Plaintiff was not the rightful owner of the album and thus, had no claim for copyright infringement;

5. The Plaintiff was not the rightful owner of the CD;

6. As a result, the Plaintiff has no claims for conversion as to either property.

The Magistrate Judge correctly found that the Plaintiff had not registered the photographs at issue as copyrights and thus could not state a claim for copyright infringement as to them. The Defendants do not object to this legal conclusion. The ownership of the album is not relevant to the legal issue of whether the photographic images had been copyrighted.

Likewise, the Magistrate Judge correctly found that the Plaintiff had not stated a claim for copyright infringement in connection with the transfer of the CD, as opposed to the unauthorized copying of the copyrighted work. The Defendants do not object to this legal conclusion.

The Defendants' objections instead relate to factual issues which are relevant to the state law claims. But, as noted below, this Court declines to exercise supplemental jurisdiction over those state law claims and thus, the objection to the Magistrate Judge's failure to make additional conclusions

8

of law is rejected.³

The Defendants' second objection related to infringement is based on the Magistrate Judge's failure to go one step further and find, as a matter of law, that the Plaintiff cannot state a claim for copyright infringement as to the photographs because she did not own the photo album. Defendants, however, overlook the legal prerequisite: in order to state a claim for copyright infringement, a plaintiff must first show ownership of a valid copyright; that is, registration thereof. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 120 S.Ct. 1237, 176 L.Ed.2d 18 (2010). Ownership of the physical embodiment of the photographs contained within an album is distinct from the ownership of a copyright in the photographic images themselves. Curington v. UMG Recordings, Inc., 2011 WL 3568278 **2 (M.D.N.C. 2011) (quoting 6 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, §30.03 (discussing musical compositions versus recordings)).

The Court therefore rejects the Defendants' objections.

**The Objection to treatment of state law claims.**

The Defendants do not argue that the Magistrate Judge erred by

---

³ The Court is compelled to note, however, that at least some of these purported conclusions of law are actually the magistrate Judge's recounting of the factual allegations rather than legal conclusions.

9

Case 1:12-cv-00045-MR-DLH   Document 48   Filed 01/29/13   Page 9 of 11

concluding that this Court should not exercise its supplemental jurisdiction over the only remaining claims which are based on common law.  Instead, they claim that because they "are wary of the potential for further litigation by the Plaintiff," the Defendants seek dismissal with prejudice of the state law claims.

Section 1367(c)(3) of Title 28 provides that a district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction.  The Defendants have not argued that this Court would abuse its discretion in so declining.  ESAB Group, Inc. v. Zurich Ins. PLC, 685 F.3d 376, 393 (4th Cir. 2012).  Nor could they since district courts have "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).  Having dismissed the federal claims, there are no underlying issues of federal policy in support of retaining the state law claims.  Id.  The only issues of judicial economy weigh in favor of dismissing those claims since this Court, like most federal courts, is already overburdened with litigation.  Id.  Nor can the Court find it fair or convenient to the Defendants, who reside in Pennsylvania and Maryland, to be forced

10

to continue to defend this action in this District. Id.

Federal courts have an obligation to avoid the needless decisions of state law, such that the Supreme Court has stated that when "'federal claims are dismissed before trial … state claims should be dismissed as well.'" Hunt v. Branch Banking & Trust Co., 480 Fed. App'x. 730, 732 (4th Cir. 2012) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). This Court therefore declines to exercise supplemental jurisdiction over the Plaintiff's state law claims.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation of the Magistrate Judge is hereby **ACCEPTED** and the Defendants' Motion to Dismiss [Doc. 35] is hereby **GRANTED** in part and **DENIED** in part as set out therein.

**IT IS FURTHER ORDERED** that the Plaintiff's claims for copyright infringement are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's claims for conversion and replevin are hereby **DISMISSED** without prejudice.

Signed: January 28, 2013

Martin Reidinger
United States District Judge