# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv45

| | |
|---|---|
| DEANNA KAY COLLINS, ) ) Plaintiff, ) ) vs. ) ) KAREN C. VOLZ, TRAVIS VOLZ, ) and CHRISTOHER R. STEWART, ) ) Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Attorney Fees [Doc. 51].

## PROCEDURAL HISTORY

The Plaintiff Deanna Kay Collins (Collins), who appeared in this matter *pro se*, initiated this action on March 7, 2012, alleging that the Defendants were infringing a copyright as to which she was a claimant. [Doc. 1]. Collins alleged that a sound recording made by her father and embodied in a Promotional CD had been copyrighted and that she owned the copyright. [Id.]. She alleged that the recording as well as other "copyrightable materials," consisting of photographs contained within a red

photo album, had been "adversely possessed" by the Defendants and that the recording had been sold at an estate auction. [Id.]. The causes of action alleged in the Complaint were for replevin, conversion, and copyright infringement. [Id.].

In June 2012, the Defendants moved to dismiss the Complaint for failure to state claims upon which relief may be granted. [Doc. 35]. In that motion, they conceded that the photo album and recording at issue were in the possession of Collins' brother, Carey Kent Stewart, at the time of his death, which had been alleged in the Complaint. [Doc. 36]. Defendant Karen Volz is Collins' niece, Defendant Travis Volz is the husband of Karen Volz, and Defendant Chris Stewart is Collins' nephew. [Id.].

By Order entered on June 29, 2012, the Court provided instruction to the *pro* se Plaintiff of her obligation to respond to the motion and the time within which to do so, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 42]. In that Order, the Court also ruled on voluminous filings made by the Plaintiff, thus leaving only the motion to dismiss for disposition. [Id.].

In response to the Defendants' Motion to Dismiss, the Plaintiff filed a brief and documents consisting of fifty-six pages. [Doc. 43]. The

Magistrate Judge recommended dismissal of the cause of action for copyright infringement with prejudice. [Doc. 46]. As to the state law claims for replevin and conversion, he recommended that this Court decline to exercise supplemental jurisdiction. [Id.]. The Defendants objected to an alleged finding of fact, the purported failure to make certain conclusions of law, and the recommendation to decline supplemental jurisdiction. [Doc. 47].

On January 29, 2013, this Court rejected the Defendants' Objections, holding that the Magistrate Judge (1) correctly determined that the Plaintiff had not registered the photographs at issue as copyrights and thus could not state a claim for copyright infringement as to them; (2) correctly concluded that the Plaintiff had not stated a claim for copyright infringement in connection with the transfer of the recording, as opposed to the unauthorized copying of the copyrighted work; and (3) correctly recommended that this Court decline to exercise supplemental jurisdiction over the state law claims. [Doc. 48]. The Court dismissed the claims for copyright infringement with prejudice and dismissed the state law claims for conversion and replevin without prejudice. [Id.]. Judgment was simultaneously entered. [Doc. 49]. The Court expressed some annoyance

with the Defendants' Objections, finding the Defendants were attempting to obtain more relief than that to which they were entitled. [Doc. 48].

The Defendants now move for attorneys' fees and costs. The Plaintiff failed to respond.

**STANDARD FOR AN AWARD OF ATTORNEYS' FEES**

Section 505 of Title 17 of the United States Code provides that in a civil action based on copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States … [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." In order for a litigant to be a prevailing party for purposes of this statute, there must be a "judicially sanctioned change in the legal relationship of the parties." Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 444 (4th Cir.), cert. denied ____ U.S. ____, 132 S.Ct. 575, 181 L.Ed.2d 425 (2011) (quoting Buckhannon Bd. & Care Home v. W.V. Dept. of Health & Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Such a change occurs when one party becomes entitled to enforce a judgment against the other. Id. Thus, the granting of the Defendants' Motion to Dismiss the copyright claim and the entry of Judgment on that claim against the Plaintiff

4

rendered the Defendants prevailing parties for purposes of 17 U.S.C. §505 as to the copyright claim. Riviera Distributors, Inc. v. Jones, 517 F.3d 926 (7th Cir. 2008). The dismissal of the state law claims without prejudice did not confer on the Defendants prevailing party status pursuant to §505 and no attorney's fees may be awarded for legal services rendered as to those claims. Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 893 (6th Cir. 2004); Ritchie v. Gano, 754 F.Supp.2d 605, 609 (S.D.N.Y. 2010); Warren Publishing Co. v. Spurlock, 2010 WL 760311 **6 (E.D.Pa. 2010).

## DISCUSSION

**Entitlement to an award of attorney's fees.**

In Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994), the Supreme Court held that attorney's fees pursuant to §505 "are to be awarded to prevailing parties only as a matter of the court's discretion." The United States Court of Appeals for the Fourth Circuit, relying on the Fogerty decision, has adopted the following factors for consideration in making such an award: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in the case at hand to either compensate or deter; and (4) any other relevant factors presented. Quantum Systems

Integrators, Inc. v. Sprint Nextel Corp., 338 Fed. App'x. 329, 337 (4th Cir. 2009) (citing Rosciszewski v. Arete Assocs., Inc. 1 F.3d 225, 234 (4th Cir. 1993)).

Because the Plaintiff failed to respond to the pending motion, she has not explained her motivation for bringing this lawsuit. However, she clearly had the opportunity to respond and failed to do so. The record itself, moreover, is not devoid of evidence of the Plaintiff's conduct in this litigation, conduct which discloses not only motivation but also whether the legal and factual positions advanced by the Plaintiff were objectively reasonable.

First, the allegations contained within the Complaint disclose that the Plaintiff brought federal court litigation against family members for property which she herself valued at only $440. [Doc. 1 at 9]. The property, which she acknowledged had belonged to her brother, was bequeathed by him to his own children. [Doc. 1]. The Plaintiff referred to her family as "dysfunctional" in pleadings before this Court. [Doc. 43 at 4]. She accused the Defendants of obstructing justice. [Doc. 12]. In emails sent to the Defendants' attorney, the Plaintiff cast aspersions upon her family members, effectively abandoning any possibility of a future relationship.

[Doc. 51-4].

On June 29, 2012, this Court made the following rulings based on the Plaintiff's conduct in this litigation:

> It is a common practice for this Court to allow parties additional time within which to file responsive pleadings, especially at an early stage of the litigation. Even though the Plaintiff may be unfamiliar with the ordinary practices of this Court, her objection to such a minor extension [for the Defendants] is unnecessarily litigious. The Court would strongly encourage Plaintiff not to pursue this action from such a posture. In light of the ordinary practice of this Court regarding such motions and Plaintiff's posture regarding this matter, the Court will in its discretion deny the motion to reconsider.

[Doc. 42 at 5].

> In [a different] motion, Collins claims that her process servers had difficulty locating the current address for Defendant Travis Volz. She claims that she needs his current address so that in the future she will be able to serve him with a judgment. Collins nonetheless acknowledges that Volz's attorney can provide his address "for any/all future legal proceedings." Defendant Travis Volz has appeared in the action through counsel. Since Travis Volz is represented by counsel, Collins, who proceeds *pro se*, is prohibited from making direct contact with him just as an attorney would be so prohibited. Collins may only confer with Travis Volz, or any other Defendant, through counsel. The motion is denied.

[Id. at 6-7].

> On May 18, 2012, Collins moved for the recusal of Magistrate Judge Howell from this case. In support of that motion, Collins cites the fact that the Magistrate Judge granted the Defendants an extension of time within which to answer or otherwise plead

7

> before she had the opportunity to oppose the same. She also cites his failure to rule on her four pending motions, addressed above, as evidence of his bias against her. It is first noted that at the time Collins filed this motion for recusal, the time within which the Defendants could respond to her four motions had not yet expired. It is thus quite expected that the Magistrate Judge had not addressed the motions. Moreover, Collins requested permission to withdraw two of those pending motions, the motions for sanctions against the Defendants and their attorney. … Plaintiff has articulated no basis for Judge Howell to recuse. The fact that he had not yet ruled upon motions that were not yet ripe for determination would be expected - and required - of all judges with regard to all motions. As such, the allegations made by Collins constitute "unsupported, irrational [and] highly tenuous speculation." Collins' motion to recuse Magistrate Judge Howell is denied.

[Id. at 8] (internal citations omitted).

In regard to the Plaintiff's refusal to allow the Magistrate Judge to perform his judicial duties, this Court made the following ruling:

> No party is required to consent to the jurisdiction of a United States Magistrate Judge to handle the entire case instead of having the case presided over by an Article III District Court Judge. A party may not, however, refuse the statutory provisions of 28 U.S.C. § 636(b) or the Standing Orders of Designation of this Court pursuant to which pre-trial and non-dispositive matters are assigned to Magistrate Judge Howell. Nor may a party refuse the designation of the Magistrate Judge to consider dispositive motions and to submit recommendations for their dispositions. To the extent these pleadings may be considered motions, they are denied.

[Id. at 9].

Finally, the Plaintiff was warned by the Court as follows:

8

> In this case, which has been pending for only three months, Collins has filed twelve pleadings all of which are at great variance from the ordinary practice before this Court. Although Collins proceeds *pro se*, she remains subject to the protocol of Rule 11 of the Federal Rules of Civil Procedure[.]

[Id. at 10-11].

It is clear from the Plaintiff's conduct in bringing this action and her method of litigating it that she was motivated by feelings of ill will toward her family members whom she named as defendants. Bond v. Blum, 317 F.3d 385, 397-98 (4th Cir.), cert. denied 540 U.S. 820, 124 S.Ct. 103, 157 L.Ed.2d 38 (2003) (court found the plaintiff's motivation in bringing copyright infringement action was actually to prevent evidence contained within book from introduction in his child custody action). Although ill will or bad faith is not required for an award of attorney's fees, a court is entitled to consider the same. Silicon Knights, Inc. v. Epic Games, Inc. ____ F.Supp.2d ____, 2012 WL 6809721 **9 (E.D.N.C. 2012) (internal citations omitted). Even assuming, based on her *pro se* status, that the Plaintiff believed she had a cause of action for infringement, the plethora of motions, and the quality thereof, were objectively unreasonable and lacked any legal basis. Bond, 317 F.3d at 397-98. Indeed, this Court felt compelled early in the action to warn the Plaintiff against future pleadings

without any legal or factual basis. [Doc. 42]. Where the positions advanced are frivolous or without basis in law or fact, these factors support an award of attorney's fees. Rosciszewski, 1 F.3d at 234. Moreover, the virulent nature of the Plaintiff's pleadings shows that her conduct, and that of others in similar situations, should be deterred. Bond, 317 F.3d at 397-98; Silicon Knights, 2012 WL 6809721 at **11. The Court therefore finds that the Defendants are entitled to an award of attorney's fees.

**The reasonableness of the award sought.**

The Defendants seek an award of costs in the amount of $286.64, an award of attorney's fees incurred during the defense of the action in the amount of $15,658.00 and an award of fees incurred in connection with this motion in the amount of $2,752.00.

In order to determine the reasonableness of an award of attorney's fees pursuant to §505, the district court must consider the factors enumerated by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). Rosciszewski, 1 F.3d at 234 n.8. Although the Plaintiff made no response to the amount of the attorneys' fees sought by the Defendants, the Court will nonetheless consider the twelve factors

approved by the Fourth Circuit in Barber. Basinger v. Hancock, Daniel, Johnson & Nagle, P.C., 2010 WL 5395043 **4 (E.D.Va. 2010) (noting that despite failure to challenge calculation of attorneys' fees, court should consider reasonableness thereof).

The Court first notes that in order to calculate a reasonable fee, it begins with the lodestar amount which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The twelve factors to be considered in determining what is a reasonable number of hours and a reasonable rate are: (1) the time and labor expended; (2) the novelty and difficulty of the questions presented; (3) the skill required to properly perform the legal services; (4) the attorneys' opportunity costs; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or case; (8) the amount in controversy and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case within the legal community; (11) the nature and length of the relationship and (12) awards in similar cases. Id.; Rosciszewski, 1 F.3d at 234. Although all the factors must be considered,

this Court "is not required to engage in a lengthy discussion concerning what portion of the award is attributable to each factor." Arnold v. Burger King Corporation, 719 F.2d 63, 67 n.4 (4th Cir.), cert. denied 469 U.S. 826, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984). Indeed, the initial calculation of reasonable hours expended at a reasonable rate will normally include most of the twelve factors which need not be further considered. Henley, 461 U.S. at 434 n.9. After the lodestar figure is determined, the court should subtract fees spent on unsuccessful and/or unrelated claims. Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 244 (4th Cir. 2009). In this case, as to any legal fees incurred in connection with the state law claims, the Defendants were not prevailing parties and therefore, those fees must be deleted from a final figure. Bridgeport Music, Inc., 371 F.3d at 893.

The Court first considers the reasonable hours expended, "necessarily exclud[ing] any hours that are excessive, redundant or otherwise unnecessary and therefore not reasonably expended on the litigation. Hensley, 461 U.S. at 434. The Court has reviewed the time records submitted in support of the motion and notes that there is no amount of time specifically designated for defense of the state law claims.

[Doc. 51-3, 51-4, 51-5]. Defense counsel spent a total of 17.9 hours in the preparation of the Answer to the Complaint, a motion to dismiss and a memorandum of law in support of that motion. [Doc.51-3 at 6]. Recognizing that the Plaintiff's pleadings were not readily amenable to legal analysis, the Court nonetheless finds that 17.9 hours was excessive and will reduce the time to 10 hours. Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]") (emphasis in original). This amount, however, includes the time reasonably spent on the state law claims as well as the federal claims, and thus will need to be allocated accordingly.

Likewise, counsel expended 8.5 hours preparing a reply to the Plaintiff's Response to the Motion to Dismiss, an amount that appears disproportionate to the legal work involved. Again, however, the Court notes that the Plaintiff's filings were voluminous and, thus, will only reduce that amount by 2.5 hours. Id. The net amount of time, 6.0 hours, again includes time spent on state law claims as well as the copyright claim. Therefore, this amount will need to be appropriately allocated.

Finally, the Court notes that defense counsel expended 2.7 hours drafting Objections to the Magistrate Judge's Memorandum and

Recommendation. [Doc. 51-5]. The Court has previously noted that the Objections were to a Memorandum and Recommendation which was, in fact, favorable to the Defendants with the exception of the recommendation to decline supplemental jurisdiction. Since the discretion to decline supplemental jurisdiction is well-established, the Court finds that this time was not reasonably expended in the defense of this matter. <u>Grissom v. The Mills Corp</u>., 549 F.3d 313, 321 (4th Cir. 2008) (hours spent on unsuccessful claims should be deducted).

The other 35 hours claimed by counsel appear to be reasonably expended in the defense of this case. When combined with the 16.0 hours set forth above, the Court finds that a total of 51.0 hours was expended in the defense of this matter – including the state law claims.

In addition, Counsel seeks reimbursement for 17.20 hours of legal time spent in drafting the motion for counsel fees. The Court finds this amount of time to be exorbitant, especially in view of the fact that counsel failed to provide affidavits showing that her hourly rates are reasonable, as noted below. Counsel moreover failed to provide any legal support for the inclusion of that time in a request for attorney's fees. This time must, therefore, be excluded from any compensable award.

Concerning the calculation of a reasonable hourly rate, the Defendants have failed to carry their burden of proof that the hourly rates sought were reasonable. Robinson, 560 F.3d at 244.

> [The] determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. *In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [she] seeks an award.*

Id. (emphasis in original).

Defense counsel has not included with this motion any affidavits from other attorneys within this community. The only evidence provided is her own affidavit which is insufficient to allow this Court to determine a reasonable hourly rate. Id. The Court also notes that counsel failed to address the following factors for consideration: the novelty and difficulty of the questions presented; the skill required to properly perform the legal services; the attorneys' opportunity costs, if any; the customary fee for like work; the attorneys' expectations at the outset of the litigation; the time limitations imposed by the client or case; the undesirability of the case within the legal community; and the nature and length of the relationship. Barber, 577 F.2d at 226.

15

The Court will therefore deny this portion of the Defendants' motion without prejudice to renewal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Attorney Fees [Doc. 51] is hereby **GRANTED** to the extent that the Court finds the Defendants are entitled to an award of attorney's fees and is hereby **DENIED** without prejudice as to the amount thereof.

Signed: April 29, 2013

Martin Reidinger
United States District Judge